## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**JOANN LOFFLER, LISA VAUGHN BERNARDINO, NICOLE DELIA**, and **JIMMY TAVARES**, individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

**HAH GROUP HOLDING, LLC D/B/A HELP AT HOME**,

    Defendant.

Case No. 1:24-cv-07595

**JURY TRIAL DEMANDED**

## REFILED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................... 1

LEGAL STANDARDS ............................................................................................... 2

ARGUMENT .............................................................................................................. 3

I.     THE COURT LACKS SUBJECT MATTER JURISDICTION.............................. 3

    A.    Plaintiffs fail to plead injury-in-fact. ..................................................... 4

        1.  Imminent and Impending Injury .................................................... 4

        2.  Generic Allegations of Misuse........................................................ 6

        3.  Generic, Theoretical, and Future Injuries Do Not Suffice............. 7

    B.    Plaintiffs' Injuries are Not Fairly Traceable to the Data Incident. ............... 11

III.   ALTERNATIVELY, PLAINTIFFS' COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED. ...................................................... 12

    A.    Choice of Law ............................................................................................... 12

    B.    Lack of Damages ......................................................................................... 13

    C.    Counts I and II: Negligence and Negligence *Per Se*................................. 13

    D.    Counts III and IV: Breach of Contract and Implied Contract...................... 16

    E.    Count V: Unjust Enrichment ....................................................................... 17

    F.    Count VI: Breach of Fiduciary Duty ........................................................... 18

    G.    Count VII: Breach of Confidence ................................................................ 19

    H.    Count VIII Declaratory Judgment ............................................................... 20

CONCLUSION............................................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdale v. N. Shore Long Island Jewish Health Sys., Inc.*,
   19 N.Y.S.3d 850 (N.Y. Sup. Ct. 2015) ...................................................................................16

*Abrams v. Unity Mut. Life Ins. Co.*,
   70 F. Supp. 2d 846 (N.D. Ill. 1999), *aff'd*, 237 F.3d 862 (7th Cir. 2001) ..............................12

*Angulo v. Truist Bank*,
   No. 22 C 923, 2022 WL 14632991 (N.D. Ill. Oct. 25, 2022) ...................................................3

*Apex Digital, Inc. v. Sears, Roebuck & Co.*,
   572 F.3d 440 (7th Cir. 2009) ....................................................................................................3

*In re Arthur J. Gallagher Data Breach Litig.*,
   631 F. Supp. 3d 573 (N.D. Ill. 2022) ......................................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................2, 6, 10

*Aspen Am. Ins. Co. v. Blackbaud, Inc.*,
   624 F. Supp. 3d 982 (N.D. Ind. 2022) ......................................................................13, 14, 19

*ATG Tr. Co. v. Schlichtmann*,
   314 F. Supp. 3d 718 (E.D. Pa. 2018) ......................................................................................16

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................................2

*Bost v. Illinois State Bd. of Elections*,
   114 F.4th 634 (7th Cir. 2024) ...................................................................................................3

*In re Brinker Data Incident Litig.*,
   No. 3:18-cv-686, 2020 WL 691848 (M.D. Fla. Jan. 27, 2020) ..............................................15

*Bueno v. Experian Info. Sols., Inc.*,
   664 F. Supp. 3d 800 (N.D. Ill. 2023) ......................................................................................11

*Butler v. Illinois Dep't of Transp.*,
   533 F. Supp. 2d 821 (N.D. Ill. 2008) ......................................................................................15

*In re Canon U.S.A. Data Breach Litig.*,
   No. 20-CV-6239 (AMD) (SJB), 2022 WL 22248656 (E.D.N.Y. Mar. 15,
   2022) ........................................................................................................................................20

ii

*Carr v. DeVos*,
  369 F. Supp. 3d 554 (S.D.N.Y. 2019) .................................................................................20

*Casillas v. Madison Ave. Assocs., Inc.*,
  926 F.3d 329 (7th Cir. 2019) ...............................................................................................3

*Cherny v. Emigrant Bank*,
  604 F. Supp. 2d 605 (S.D.N.Y. 2009) ................................................................................10

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ...........................................................................................3, 4, 9, 11

*Cooney v. Chicago Pub. Sch.*,
  943 N.E.2d 23 (Ill. App. 2010) ..........................................................................................19

*Corsello v. Verizon New York, Inc.*,
  967 N.E.2d 1177 (2012)......................................................................................................18

*DH2, Inc. v. U.S. S.E.C.*,
  422 F.3d 591 (7th Cir. 2005) ...............................................................................................3

*Dieffenbach v. Barnes & Noble, Inc.*,
  887 F.3d 826 (7th Cir. 2018) .............................................................................................13

*Dinerstein v. Google, LLC*,
  484 F. Supp. 3d 561 (N.D. Ill. 2020), *aff'd as modified*, 73 F.4th 502 (7th Cir.
  2023) ..................................................................................................................................10

*Dinerstein v. Google, LLC*,
  73 F.4th 502 (7th Cir. 2023) ....................................................................................4, 9, 19

*Dittman v. UPMC*,
  649 Pa. 496, 196 A.3d 1036 (2018) ...................................................................................14

*Doe v. Genesis Health Sys.*,
  No. 23-CV-4209-JES-JEH, 2024 WL 3890164 (C.D. Ill. Aug. 21, 2024)............................19

*Duffy v. Lewis Brothers Bakeries, Inc.*,
  760 F. Supp. 3d 704 (S.D. Ind. 2024) ................................................................................19

*Faber v. Ciox Health*,
  LLC, 331 F. Supp. 3d 767 (W.D. Tenn. 2018), *aff'd*, 944 F.3d 593 (6th Cir.
  2019) .............................................................................................................................14, 15

*Fredrick v. Simmons Airlines, Inc.*,
  144 F.3d 500 (7th Cir. 1998) .............................................................................................12

*Goldberg v. Medtronic*,
686 F.2d 1219 (7th Cir. 1982) .............................................................................. 19

*Golobe v. Mielnicki*,
No. 17, 2025 WL 864512 (N.Y. Mar. 20, 2025) ................................................... 18

*Gordon v. Virtumundo, Inc.*,
06-0204, 2007 WL 1459395 (W.D. Wash. May 15, 2007) .................................... 10

*Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*,
485 F. Supp. 3d 885 (E.D. Mich. 2020) ............................................................... 15

*Gubala v. Time Warner Cable, Inc.*,
846 F.3d 909 (7th Cir. 2017) ................................................................................. 8

*Gunn v. Cont'l Cas. Co.*,
968 F.3d 802 (7th Cir. 2020) ................................................................................. 2

*Henry v. Cmty. Healthcare Sys. Cmty. Hosp.*,
134 N.E.3d 435 (Ind. Ct. App. 2019) .................................................................. 14

*Int'l Tax Advisors, Inc. v. Tax L. Assocs., LLC*,
No. 08 C 2222, 2011 WL 612093 (N.D. Ill. Feb. 15, 2011) ................................. 15

*Irwin v. Jimmy John's Franchise, LLC*,
175 F. Supp. 3d 1064 (C.D. Ill. 2016) .............................................................. 7, 10

*Johnson v. Nice Pak Prods., Inc.*,
736 F. Supp. 3d 639 (S.D. Ind. 2024) .................................................................. 17

*Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*,
417 N.E.2d 541 (1981) .......................................................................................... 16

*Kim v. McDonald's USA, LLC*,
No. 21-CV-05287, 2022 WL 4482826 (N.D. Ill. Sept. 27, 2022) ........................... 9

*Kuhns v. Scottrade, Inc.*,
868 F.3d 711 (8th Cir. 2017) ................................................................................ 14

*Kurowski v. Rush Sys. for Health*,
683 F. Supp. 3d 836 (N.D. Ill. 2023) .................................................................... 19

*Kylie S. v. Pearson PLC*,
475 F. Supp. 3d 841 (N.D. Ill. 2020) ..................................................................... 8

*Laskowski v. Spellings*,
546 F.3d 822 (7th Cir. 2008) .................................................................................. 3

*G.O.A.T. Climb & Cryo, LLC v. Twin City Fire Ins. Co.*,
    548 F. Supp. 3d 688 (N.D. Ill. 2021) ...................................................................17

*Lazar v. Intl. Shoppes, LLC*,
    No. CV 24-4170 (GRB) (SIL), 2025 WL 1475627 (E.D.N.Y. May 22, 2025) ......19

*Legg v. Leaders Life Ins. Co.*,
    574 F.Supp.3d 985 (W.D. Okla. Oct. 1, 2021) ....................................................10

*Lewert v. P.F. Chang's China Bistro, Inc.*,
    819 F.3d 963 (7th Cir. 2016) .............................................................................10

*Lombardo v. Gasparini Excavating Co.*,
    123 A.2d 663 (Pa. 1956) ....................................................................................16

*Lozada v. Advocate Health & Hosps. Corp.*,
    No. 1-18-0320, 2018 WL 7080045 (Ill. App. 2018) (unpublished) .....................10

*Marion v. Bryn Mawr Tr. Co.*,
    288 A.3d 76 (Pa. 2023) ......................................................................................18

*In re Marriage of Murphy*,
    834 N.E.2d 56 (Ill. App. 2005) .........................................................................16

*Maser v. Commonspirit Health*,
    No. 23-CV-01073-RM-SBP, 2024 WL 5484079 (D. Colo. Dec. 3, 2024) ...........11

*Masterson v. IMA Fin. Group, Inc.*,
    223CV02223HLTADM, 2023 WL 8647157 (D. Kan. Dec. 14, 2023) ..................11

*McCorker v. Midland Credit Mgt., Inc.*,
    No. 2:22-CV-111-TLS-JPK, 2023 WL 3737032 (N.D. Ind. May 30, 2023) .........20

*McGowan v. Core Cashless, LLC*,
    No. 2:23-CV-00524-MJH, 2024 WL 488318 (W.D. Pa. Feb. 8, 2024) ...............8, 9

*McLaughlin v. Taylor Univ.*,
    No. 1:23-CV-00527-HAB-SLC, 2024 WL 4274848 (N.D. Ind. Sept. 23, 2024)...18

*Mescall v. Burrus*,
    603 F.2d 1266 (7th Cir. 1979) .............................................................................2

*Mucklow v. John Marshall Law Sch.*,
    531 N.E.2d 941 (Ill. App. 1988) ........................................................................19

*In re NCB Mgmt. Servs., Inc. Data Breach Litig.*,
    748 F. Supp. 3d 262 (E.D. Pa. 2024) ..................................................................18

*Neade v. Portes*,
  193 Ill. 2d 433, 739 N.E.2d 496 (2000) ........................................................................18, 19

*Nickolich v. Cnty. of Luzerne*,
  No. 3:24-CV-00580, 2024 WL 4437647 (M.D. Pa. Oct. 7, 2024) ........................................20

*O'Leary v. TrustedID, Inc.*,
  60 F.4th 240 (4th Cir. 2023) ...............................................................................................9

*Payne v. Taslimi*,
  998 F.3d 648 (4th Cir. 2021) .............................................................................................15

*Perdue v. Hy-Vee, Inc.*,
  455 F. Supp. 3d 749 (C.D. Ill. 2020) ................................................................................13

*Pierre v. Midland Credit Mgmt., Inc.*,
  29 F.4th 934 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 775, 215 L. Ed. 2d 46
  (2023) ..................................................................................................................................4

*In re Practicefirst Data Breach Litig.*,
  No. 1:21-CV-00790(JLS/MJR), 2022 WL 354544 (W.D.N.Y. Feb. 2, 2022) ...................5, 10

*Prime Leasing, Inc. v. Kendig*,
  773 N.E.2d 84 (Ill. App. 2002) ..........................................................................................18

*Pulka v. Edelman*,
  358 N.E.2d 1019 (N.Y. 1976) ............................................................................................14

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011) ...................................................................................................5

*Remijas v. Neiman Marcus Grp., LLC*,
  794 F.3d 688 (7th Cir. 2015) ....................................................................................7, 8, 9, 10

*Russell v. Chesapeake Appalachia, L.L.C.*,
  No. 4:14-CV-00148, 2014 WL 6634892 (M.D. Pa. Nov. 21, 2014) ....................................16

*Schilling v. Rogers*,
  363 U.S. 666 (1960) ...........................................................................................................20

*Shorewood Forest Utilities, Inc. v. Welsh*,
  237 N.E.3d 1142 (Ind. App. 2024) ....................................................................................18

*Sieving v. Cont'l Cas. Co.*,
  535 F. Supp. 3d 762 (N.D. Ill. 2021) .................................................................................20

*Silha v. ACT, Inc.*,
  807 F.3d 169 (7th Cir. 2015) ...............................................................................................2

*Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*,
    69 Misc. 3d 597, 131 N.Y.S.3d 817 (N.Y. Sup. Ct. 2020) ..............................................15, 16

*Spinelli by Morris v. Fallon*,
    322 A.3d 956 (2024) ................................................................................................................18

*In re SuperValu, Inc.*,
    925 F.3d 955 (8th Cir. 2019) ..................................................................................................15

*Surfside Non-Surgical Orthopedics P.A. v. Allscripts Healthcare Sols., Inc.*,
    No. 18 C 566, 2019 WL 2357030 (N.D. Ill. June 4, 2019) ......................................................5

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014) ..................................................................................................................4

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ..................................................................................................................4

*Travis v. Assured Imaging LLC*,
    No. CV-20-00390-TUC-JCH, 2021 WL 1862446 (D. Ariz. May 10, 2021) ....................5, 10

*Tyco Elecs. Corp. v. Davis*,
    895 A.2d 638 (2006) ................................................................................................................16

*Unchageri v. Carefirst of Maryland, Inc.*,
    No. 16-1068, 2016 WL 8255012 (C.D. Ill. Aug. 23, 2016) ......................................................5

*United States v. SCRAP*,
    412 U.S. 669 (1973) ................................................................................................................11

*Wadsworth v. Kross, Lieberman & Stone, Inc.*,
    12 F.4th 665 (7th Cir. 2021) ....................................................................................................9

*Wakley v. Sustainable Loc. Foods LLC*,
    No. 1:16-CV-0884-WTL-DKL, 2017 WL 1880814 (S.D. Ind. May 9, 2017) ......................16

*In re Waste Mgmt. Data Breach Litig.*,
    No. 21CV6147 (DLC), 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022)......................................18

*Webb v. Smart Document Sols., LLC*,
    499 F.3d 1078 (9th Cir. 2007) ................................................................................................15

*Wenning v. Calhoun*,
    827 N.E.2d 627 (Ind. Ct. App. 2005)......................................................................................17

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990)..................................................................................................................4

*Williams v. Cingular Wireless*,
    809 N.E.2d 473 (Ind. App. 2004) ...................................................................................14

*Wittmeyer v. Heartland All. for Human Needs & Rights*,
    No. 23 CV 1108, 2024 WL 182211 (N.D. Ill. Jan. 17, 2024)...................................................17

*Zimmerman v. Highmark, Inc.*,
    No. 2:23-CV-250-NR, 2025 WL 1220364 (W.D. Pa. Apr. 28, 2025)...................................19

**Statutes**

FTC Act ....................................................................................................................................14, 15

HIPAA ......................................................................................................................................14, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)............................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 2, 12

Pursuant to the Court's Order of December 17, 2025 [Dkt. 55], Defendant HAH Group Holding, LLC d/b/a Help At Home ("HAH" or "Defendant") refiles its motion seeking an order of the Court dismissing the Plaintiffs' Amended Class Action Complaint ("Complaint"). Defendant's motion was originally filed on June 13, 2025. [Dkt. 39]. The generic, no-injury Complaint fails because (1) Plaintiffs alleged no plausible factual basis for Article III standing, neither injury-in-fact nor traceability and (2) Plaintiffs failed to plead the required elements of their causes of action. Given these critical deficiencies, the allegations cannot support any proper cause of action and should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## BACKGROUND

On April 16, 2025, Plaintiffs Joann Loffler, Lisa Vaughn Bernardino, Nicole Delia, and Jimmy Tavares ("Plaintiffs") filed their Amended Class Action Complaint seeking monetary damages, injunctive and equitable relief, and bringing a host of claims arising out of an alleged data incident HAH suffered on or around March 21, 2024 (the "Incident"). (Doc. 32. ¶¶ 1, 4-5). Plaintiffs allege HAH is a home healthcare provider based in Chicago, Illinois (*id.* ¶ 2, 25) and that Plaintiffs are current or former HAH patients (*id.* ¶¶ 105, 122 (p. 28), 124 (p. 31)[2], 139). Plaintiffs allege they received notice on or around August 16, 2024 informing them that HAH had been the victim of a criminal ransomware attack discovered on March 21, 2024 (the "Incident"). (*Id.* ¶¶ 1, 4-5, 31, 33, 108, 125 (p. 28), 127 (p. 31), 142)). Plaintiffs' 69-page Complaint does not attach any of the alleged notice letters and only selectively quotes these letters in two places. (*Id.*

---

[1] On June 12, 2025, the Court granted Defendant's Agreed Motion for leave to file excess pages. [Dkt. 37, 38].

[2] Plaintiffs' Complaint is misnumbered and repeats Paragraph numbers 124-138 under *"Plaintiff Nicole Delia's Experience"* and again repeats at Paragraphs 140-144 under *"Plaintiff Jimmy Tavares' Experience."* As this duplicates a relatively small portion of the Complaint, Defendant will continue to reference the Paragraph numbering on the original Complaint except where further clarification is required.

¶¶ 27, 108). Plaintiffs nevertheless assert eight different causes of action based entirely on implausible claims of injury-in-fact and compensable damages.

## LEGAL STANDARDS

### Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may attack a complaint for lack of subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The challenge may either be facial or factual. *Id.* "[A] facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'" *Silha,*, 807 F.3d at 173. In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id*.

### Failure to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6)

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint.'" *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir. 1979). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) quoting *Twombly*, 550 U.S. at 750) (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted).

## <u>ARGUMENT</u>

## I.     THE COURT LACKS SUBJECT MATTER JURISDICTION.

"Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019). Plaintiffs bear the burden of pleading a plausible factual basis for standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). They "must demonstrate standing separately for each form of relief sought." *Laskowski v. Spellings*, 546 F.3d 822, 824 (7th Cir. 2008). And when evaluating standing, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements" or "naked assertions" will not do. *Angulo v. Truist Bank*, No. 22 C 923, 2022 WL 14632991, at *3 (N.D. Ill. Oct. 25, 2022).

In order to establish Article III standing, the Plaintiffs must show the following elements:

> (i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relation between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision.

*DH2, Inc. v. U.S. S.E.C.*, 422 F.3d 591, 596 (7th Cir. 2005).

Further, if standing is premised on potential future injury, the harm must be more than just "possible"—it must be 'certainly impending.'" *Bost v. Illinois State Bd. of Elections*, 114 F.4th 634, 642 (7th Cir. 2024). "In other words, respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).) On the threshold issue of pleading a plausible factual basis for adverse impact to Plaintiffs traceable to the actions of HAH, the Complaint says nothing at all, primarily opting instead for generalities about future risk of identity theft or financial burden or harm. This does not suffice.

A.     **Plaintiffs fail to plead injury-in-fact.**

1.  **Imminent and Impending Injury**

The vast majority of Plaintiffs' allegations exclusively rely on a speculative future "risk" of harm. This is insufficient. The Supreme Court has ruled that "risk of future injury" alone simply cannot be equated to the "injury in fact." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 437-38 (2021) (holding that there was no standing for class members who were not impacted by flawed information in credit reports that had not been disclosed or disseminated to others). Further, an allegation "'of *possible* future injury'" is insufficient. *Clapper*, 568 U.S. at 409 (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). However, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper*, 568 U.S. at 409, 414 n.5). Unless a future risk of harm materializes, Plaintiffs may only "pursue forward-looking, injunctive relief to prevent the harm from occurring." *TransUnion LLC*, 594 U.S. at 435. "A plaintiff seeking money damages has standing to sue in federal court only for harms that have in fact materialized." *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 938 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 775, 215 L. Ed. 2d 46 (2023).

Plaintiffs repeatedly emphasize that their allegations rely on misuse that "***can***" occur in the future, out-of-pocket expenses that ***might*** occur, and a series of hypothetical future problems that "***can*** have negative impacts on daily life." (Doc. 32 ¶¶ 8, 82-86) (emphasis added). This is insufficient in light of *TransUnion.* Because Plaintiffs have not suffered materialized harm from the Incident, they do not have standing to sue for damages. *See Pierre v. Midland Credit Mgmt., Inc.,* 29 F.4th at 938*; Dinerstein v. Google, LLC*, 73 F.4th 502, 515 (7th Cir. 2023).

Plaintiffs also lack standing to sue for injunctive relief because they allege no risk that is materially imminent. *Id*. The alleged attack against HAH was a one-time ransomware attack. (Doc.

4

32 ¶ 1, 40 n. 3) "Ransomware is a type of malware that encrypts data on the victim's computer and demands payment in exchange for unlocking it." *Surfside Non-Surgical Orthopedics P.A. v. Allscripts Healthcare Sols., Inc.*, No. 18 C 566, 2019 WL 2357030, at *1 (N.D. Ill. June 4, 2019). Plaintiffs thread together a series of barebones allegations about what happened or will happen to their data. (*See e.g.*, Doc. 32 ¶ 81 ("Plaintiff and Class Members . . . now face an increased risk of future harm that includes, but is not limited to, fraud and identity theft."). But federal courts have routinely found a lack of standing where similar indiscriminate claims of future injury were alleged in ransomware cases. *See, e.g.*, *Travis v. Assured Imaging LLC*, No. CV-20-00390-TUC-JCH, 2021 WL 1862446, at *7 (D. Ariz. May 10, 2021); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011); *In re Practicefirst Data Breach Litig.*, No. 1:21-CV-00790(JLS/MJR), 2022 WL 354544, at *5 (W.D.N.Y. Feb. 2, 2022), *report and recommendation adopted*, No. 21CV790JLSMJR, 2022 WL 3045319 (W.D.N.Y. Aug. 1, 2022). Asking this Court to rely on such an "attenuated chain of possibilities" will not suffice for establishing injury-in-fact. *Unchageri v. Carefirst of Maryland, Inc.*, No. 16-1068, 2016 WL 8255012, at *7 (C.D. Ill. Aug. 23, 2016).

Plaintiffs have not plausibly alleged that an injury is certainly impending or that there is a substantial risk that harm will occur. Instead, Plaintiffs invite this Court to assume: 1) that their information was accessed in fact and exfiltrated in fact (as opposed to potentially accessed); 2) that a wrong-doer in possession of the information would develop a means and mechanism for inflicting injury on Plaintiffs by actual misuse of the information such as posting it on the Dark Web; (3) that such a wrong-doer would succeed in carrying out such a course of action in an imminent time frame; (4) that Plaintiffs would be injured thereby; and (5) that such injury would be traceable to this data incident and the information for Plaintiffs. This is the type of attenuated chain of possibilities that defeats standing in the circumstances presented here.

5

### 2. Generic Allegations of Misuse

Plaintiffs have not adequately alleged a basis for actual misuse. Rather, the Complaint makes sweeping conclusory statements about supposed fraud in relation to only two Plaintiffs[3] that are not sufficiently connected to the alleged Incident or described with particularity. *See*, *e.g.*, (Doc. 32 ¶ 140 (p. 33) ("Plaintiff Delia has experienced multiple instances of fraud in the form of fraudulent charges on her credit card between March and May 2024[.]"); ¶ 156 ("Plaintiff Tavares further suffered actual injury in the form of an unauthorized party submitted credit card applications falsely under his name, in or about August 2024 to September 2024, which, upon information and belief, was caused by the Data Breach"). These are the types of "naked assertion[s]" deemed unacceptable by the Supreme Court in *Iqbal*, 556 U.S. at 678.

Plaintiff Delia fails to articulate when and where these so-called "multiple instances of fraud occurred," nor does she ever state the amount she allegedly lost. She further fails to allege how a fraudulent charge on an existing credit card could have occurred when her credit card information was not listed as compromised in the Incident (Doc. 32, ¶ 127 (p. 31)). Plaintiff Tavares's allegation is even more bare—he does not state where these "applications" were submitted, give a date when they occurred, nor does he claim to have ever actually been charged or negatively impacted in any way. Plaintiff Tavares also fails articulate what information was used to submit such applications, which might be otherwise publicly available. Courts have firmly rejected this exact kind of vague allegation. *Petta v. Christie Bus. Holding* Co., P.C., 2023 IL App (5th) 220742, 230 N.E.3d 162, 170 *appeal allowed*, 232 N.E.3d 25 (Ill. 2024), and a*ff'd sub nom. Petta v. Christie Bus. Holdings Co., P.C.*, 2025 IL 130337 ("Petta's claim that she has received phone calls regarding loan applications that she did not initiate simply falls short.").

---

[3] Plaintiffs Loffler and Bernardino allege no actual misuse at all.

### 3. Generic, Theoretical, and Future Injuries Do Not Suffice.

Plaintiffs claim that they have suffered or will suffer: (1) identify theft; (2) diminution of value of their Private Information; (3) mitigation costs such as lost time and out-of-pocket expenses; (4) a loss of the benefit of their bargain; (5) vague harm associated with the generic "violation of [] privacy rights" or "loss of privacy"; (6) anxiety; (7) an increase in spam; and (8) vaguely lower credit scores. (Doc. 32 ¶¶ 10, 114, 118-19, 131 (p. 29), 135-36 (p. 30), 137-39 (p. 33), 148, 152, 159, 169, 171-72, 174, 284). None of these allegations, even when taken as true and afforded all reasonable inferences, establish any "concrete and particularized" harm.

### i. Identity Theft

The Complaint alleges a litany of supposed "injuries" that Plaintiffs and absent Class Members have suffered, and/or are at a continued, imminent risk of suffering, such as "the increased risk of identity theft." (Doc. 32 ¶¶ 119, 126, 136 (p. 30), 134 (p. 32), 138, 153). There is no allegation in the 69-page Complaint that identifies even a penny of damages or any other cognizable, non-conclusory injury as a result of the data Incident. The Complaint merely asserts, "Plaintiffs and Class Members are at an increased risk of fraud and identity theft, including medical identity theft, for many years into the future." (Doc. 32 ¶ 102.) But courts need not accept conclusory statements of future "identity theft" as true. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 692 (7th Cir. 2015); *see also Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1073 (C.D. Ill. 2016) (holding plaintiff lacked standing when she suffered fraudulent charges on her card after the data breach and canceled the card but then tried to claim that she was at risk for future injury); *Petta*, 230 N.E.3d at 168 (finding allegations that plaintiff "face[d] an increased risk of identity theft and/or identity fraud", incurred "time and expenses to mitigate the risk of identity theft", and suffered "anxiety and emotional stress" were insufficient to confer standing);

*McGowan v. Core Cashless, LLC*, No. 2:23-CV-00524-MJH, 2024 WL 488318, at *4 (W.D. Pa. Feb. 8, 2024) (finding future injury insufficient for standing).

### ii. Diminution of Value of Private Information

Plaintiffs allege that they have suffered "diminution in the value of [their] personal, health, and financial information." (Doc. 32 ¶¶ 114, 131 (p. 29), 133 (p. 32), 148). Courts have routinely rejected the proposition that an individual's personal identifying information has an independent monetary value, especially when the individual does not plead that they have sold their data or that they would consider doing so. *See, e.g., Remijas*, 794 F.3d at 695 (finding that the loss of personal information, which the plaintiffs "characterize[d] as an intangible commodity," did not support standing, "particularly since the complaint does not suggest that the plaintiffs could sell their personal information for value"); *Kylie S. v. Pearson PLC*, 475 F. Supp. 3d 841, 849 (N.D. Ill. 2020) (finding plaintiff's theory was "too speculative" when plaintiffs did not plead "that they have ever sold their data or that they would even consider doing so"); *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912-13 (7th Cir. 2017) (rejecting plaintiff's argument regarding lost economic value of plaintiff's personal information); *McGowan*, 2024 WL 488318, at *4 (same).

### iii. Lost Time / Mitigation Costs / Lost Opportunity Costs

Plaintiffs allege they have suffered damages in the form of lost time and lost opportunity costs associated with attempting to mitigate the consequences from the data incident. (Doc. 32 ¶¶ 10, 61, 165 , 172, 221). But Plaintiffs do not allege that they have spent any money monitoring their credit or accounts. (*See id.* ¶¶ 117, 134 (p. 30), 136 (p. 32), 151). Rather, Plaintiffs merely plead a *possibility* of expending money in the future. (*Id.* ¶¶ 120, 137, 143, 154) ("[Plaintiffs] anticipate[] spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach."). Given that Plaintiffs have not plausibly alleged an imminent risk of future injury, they cannot recover by alleging they may at some point in the future

spend resources "monitoring" or worrying about something that may never come to pass. *Remijas*, 794 F.3d at 694. Further, Plaintiffs' alleged injuries are self-inflicted and therefore traceable to herself and not HAH. *See Clapper*, 568 U.S. at 416; *Petta*, 230 N.E.3d at 171.

### iv.    Anxiety

Plaintiffs claim they suffer from "anxiety." (Doc. 32 ¶¶ 118, 135 (p. 30), 137 (p. 33), 152). However, anxiety and other types of emotional injuries are "quintessential abstract harms that are beyond" the Court's power to remedy. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021). "Indeed, if these emotional injuries alone were sufficient to invoke the jurisdiction of federal courts, 'then everyone would have standing to litigate about everything.'" *Kim v. McDonald's USA, LLC*, No. 21-CV-05287, 2022 WL 4482826, at *6 (N.D. Ill. Sept. 27, 2022) (quoting *Wadsworth*, 12 F.4th at 668); *see also McGowan* 2024 WL 488318, at *4 (rejecting anxiety as an injury in a data breach case).

### v.    Generic Violation of "Privacy Rights"

Plaintiffs allege they suffered "violation of [their] privacy rights" through the compromise of their information and suggest this constitutes actual or impending injury. (Doc. 32 ¶¶ 119, 136 (p. 30), 138 (p. 33), 153). Plaintiffs cannot merely "rely on some abstract privacy interest" to achieve Article III standing. *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 245 (4th Cir. 2023). As the Seventh Circuit has stated, invasion of privacy is not a standalone tort; instead, the term encompasses four theories of wrongdoing: intrusion upon seclusion, appropriation of a person's name or likeness, publicity given to private life, and publicity placing a person in a false light. *Dinerstein*, 73 F.4th at 513. Plaintiffs fail to plead harm under either of these four theories.

### vi.    Loss of the Benefit of the Bargain

Plaintiffs allege they lost the "benefit of the bargain" they made with HAH, arguing that they overpaid for data security measures they did not receive. (Doc. 32 ¶¶ 10, 169). The Northern

District of Illinois has rejected the theory that some "indeterminate amount" of the price paid for services represents the cost of the health facilities' privacy practices. *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 591 (N.D. Ill. 2020), *aff'd as modified*, 73 F.4th 502 (7th Cir. 2023); *see also Lewert v. P.F. Chang's China Bistro, Inc.,* 819 F.3d 963, 968 (7th Cir. 2016); *Remijas*, 794 F.3d at 695; *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) ("Irwin paid for food products. She did not pay for a side order of data security and protection; it was merely incident to her food purchase[.]"); *Lozada v. Advocate Health & Hosps. Corp.*, No. 1-18-0320, 2018 WL 7080045 (Ill. App. 2018) (unpublished) (rejecting the "overpayment" theory).

### vii.   Spam

Plaintiffs Delia and Tavares claim they received an increase in "spam calls, texts, and/or emails" (Doc. 32 ¶¶ 139, 142, 158). Neither Plaintiff alleges their phone numbers or emails were ever compromised, let alone accessed. (Doc. 32 ¶¶ 128, 142). Numerous courts have found that an uptick of spam generally insufficient to create a concrete injury. *E.g., In re Practicefirst Data Breach Litig.*, 2022 WL 354544, at *5 n.8 (W.D.N.Y. 2022), *adopted by district court*, 2022 WL 3045319 (collecting cases); *Legg v. Leaders Life Ins. Co*., 574 F.Supp.3d 985, at 993 (W.D. Okla. Oct. 1, 2021); *Travis v. Assured Imaging LLC*, No. CV-20-00390-TUC-JCH, 2021 WL 1862446, at *19 (D. Ariz. May 10, 2021); *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009); *Gordon v. Virtumundo, Inc*., 06-0204, 2007 WL 1459395, at *8 (W.D. Wash. May 15, 2007).

### viii.   Credit Scores

Plaintiffs Delia and Tavares vaguely allege, based "on information and belief," that the Incident lowered their credit scores. (Doc. 32 ¶¶ 142, 157). These "naked assertions" are not sufficient. *Iqbal*, 556 U.S. at 678. Vague allegations that a plaintiff's credit score "would have been better" based upon "information and belief" without further factual support cannot create

Article III standing. *Bueno v. Experian Info. Sols., Inc*., 664 F. Supp. 3d 800, 803-04 (N.D. Ill. 2023). Further, Plaintiffs' claims are devoid of any plausible connection to the data breach. *See Maser v. Commonspirit Health*, No. 23-CV-01073-RM-SBP, 2024 WL 5484079 (D. Colo. Dec. 3, 2024) (finding a plaintiff "failed to allege a plausible connection" between a data incident and "damage to her credit rating"). Neither Plaintiffs allege that a new line of credit was successfully opened in their name, nor do they allege the Incident caused them to miss any payments.

### B.      Plaintiffs' Injuries are Not Fairly Traceable to the Data Incident.

The traceability requirement cannot be met with conjecture and hypothetical scenarios that could, in theory, be connected into a hypothetical chain of causation. *Clapper*, 568 U.S. at 409. By equating potential "access" to data in a ransomware attack to "access-in-fact" to particularized information about Plaintiffs and resultant harm to Plaintiffs, the Complaint strains these doctrines past the breaking point. As the Supreme Court has repeatedly cautioned, "pleadings must be something more than an ingenious academic exercise in the conceivable." *United States v. SCRAP*, 412 U.S. 669, 688 (1973), quoted in *Warth*, 422 U.S. at 509.

The Complaint does not plausibly allege any harm to Plaintiffs "traceable" to the Incident. Plaintiffs do not allege that anyone has gained access-in-fact to their particular information, let alone caused any actual damages, from this specific incident. More is required. *Masterson v. IMA Fin. Group, Inc.*, 223CV02223HLTADM, 2023 WL 8647157, at *4  (D. Kan. Dec. 14, 2023) (finding no traceability where the "only link between the data breach and the claimed misuse is that the misuse came after the data breach"). Plaintiffs' bare allegations of misuse are untraceable, as Plaintiffs fail to connect their claims to the information allegedly compromised in Incident.

In fact, Plaintiffs own allegations weigh ***against*** a finding of traceability here. Plaintiffs emphasize throughout their Complaint that "Healthcare related breaches have continued to rapidly increase" (Doc. 32 ¶ 44); that the "healthcare sector reported the second largest number of data

11

breaches among all measured sectors" (*id.* ¶ 41); and that "research has revealed that 83% of physicians work in a practice that has experienced some kind of cyberattack" (*id.* ¶ 40). Thus, even if the Plaintiffs could allege a concrete injury (and they cannot) they are unable to establish that their injury is traceable to *this* Incident.

## III.   ALTERNATIVELY, PLAINTIFFS' COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

In the alternative, the Court should dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim. In the interest of brevity, Defendant incorporates by reference and will not repeat the points made above (principally lack of injury and lack of causation) insofar as relevant to the count-by-count analysis below and constituting yet further grounds for dismissal of each count under Fed. R. Civ. P. 12(b)(6). Notably, the evaluation of whether a plaintiff has alleged injury-in-fact under Article III and whether a plaintiff has alleged compensable damages under Rule 12(b)(6) are separate and distinct. Damages is a required element of most of Plaintiffs' claims.

### A.   Choice of Law

Under Illinois choice-of-law rules, the "most significant relationship" test is used to determine which state's laws apply in tort cases. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998). The factors under this test include: "(1) the place of the injury, (2) the place where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered." *Id.* Illinois uses a similar "most significant contacts" test for contracts, which analyzes "(1) the place of contracting; (2) the place of negotiations; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Abrams v. Unity Mut. Life Ins. Co.*, 70 F. Supp. 2d 846, 849 (N.D. Ill. 1999), *aff'd*, 237 F.3d 862 (7th Cir. 2001).

Here, the only forum-related allegations in the Complaint are that Plaintiffs Loffler and Delia are from New York, Plaintiff Vaugn Bernardino is from Indiana, and Plaintiff Tavares is from Pennsylvania. (Doc. 32, ¶¶ 17-20). Meanwhile, the Complaint alleges HAH is "based in Chicago, Illinois," but "serves tens of thousands of patients in 12 states." (*id.* ¶ 2). The Complaint does not allege where their data is located, where the alleged conduct occurred, where each Plaintiff received services, or where the alleged "harms" were suffered. HAH addresses each of Plaintiffs' claims under the laws of Illinois, Indiana, New York, and Pennsylvania. Regardless of which state's laws apply, Plaintiffs' claims do not pass muster.

### B.     Lack of Damages

Plaintiffs' claims require the existence of damages. As with standing, this provides an alternative independent basis to dismiss Counts I through VI. *See* Section I.A-I.B, *supra*.

### C.     Counts I and II: Negligence and Negligence *Per Se*

#### i.     Economic Loss Doctrine

The economic loss doctrine bars the Plaintiffs' negligence claim in Illinois and Indiana. *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 761 (C.D. Ill. 2020) ("The economic loss doctrine bars a plaintiff from recovering for purely economic losses under a tort theory of negligence."); *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982, 1001-02 (N.D. Ind. 2022) (accord). Plaintiffs' alleged damages, if they qualify as loss at all (and they do not), must be considered economic losses. For example, Plaintiffs allege they "spent several hours dealing with the Data Breach, valuable time [they] otherwise would have spent on other activities." (Doc. 32 ¶¶ 117 134 (p. 30), 136, (p. 32), 153.) These types of losses are economic losses and are insufficient to support Plaintiffs tort claims. *See Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018); *Perdue*, 455 F. Supp. 3d at 756; *Aspen*, 624 F. Supp. at 1004. As such, Plaintiff Tavares negligence claim can be dismissed on this basis alone.

## ii.    No Duty

Negligence requires Plaintiffs to establish that defendant owed a duty of care to plaintiff. "If no duty exists, it is axiomatic that no recovery can occur." *Id.* (internal quotation omitted); *Williams v. Cingular Wireless*, 809 N.E.2d 473, 476 (Ind. App. 2004) (accord); *Pulka v. Edelman*, 358 N.E.2d 1019, 1020 (N.Y. 1976) (accord).[4] Plaintiffs suggest HAH failed to comply with "industry standards" (Doc. 32 ¶¶ 28, 34, 71). But Plaintiffs' boilerplate allegations do not show HAH breached any existing common law, statutory, or industry-mandated duty. It cannot be assumed that HAH's practices were unreasonable just because the Incident occurred—especially with cybercriminals' ever-evolving methods of bypassing security measures. *See Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 717 (8th Cir. 2017) ("The implied premise that because data was hacked Scottrade's protections must have been inadequate is a 'naked assertion[] devoid of further factual enhancement' that cannot survive a motion to dismiss." (citation omitted)). Plaintiffs' allegations even suggest entities are, at times, powerless to fully prevent the bad deeds of electronic malicious actors. (*See* Doc. 32 ¶¶ 40-44).

To the extent Plaintiffs further rely on the Health Insurance Portability and Accountability Act ("HIPAA") to create a duty under Court I, (Doc. 32 ¶¶ 45, 212), several jurisdictions, including Indiana, have decided HIPAA does not create a duty sufficient to support a negligence claim. *See Aspen*, 624 F. Supp. 3d at 1003 ; *Henry v. Cmty. Healthcare Sys. Cmty. Hosp.*, 134 N.E.3d 435, 437 (Ind. Ct. App. 2019); *Faber v. Ciox Health,* LLC, 331 F. Supp. 3d 767, 779 (W.D. Tenn. 2018), *aff'd,* 944 F.3d 593 (6th Cir. 2019). Similarly, courts have held the Federal Trade Commission Act ("FTCA") does not provide a private right of action and should not be contorted

---

[4] HAH acknowledges that Pennsylvania has taken a different approach regarding duty and the economic loss doctrine. *See Dittman v. UPMC*, 649 Pa. 496, 196 A.3d 1036 (2018). Nonetheless, Plaintiff Tavares still fails to state a claim by failing to allege damages. *See* Section I.A-I.B, *supra*.

into providing one through a negligence claim. *See , e.g.*, *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC,* 485 F. Supp. 3d 885, 899-900 (E.D. Mich. 2020) (rejecting "the creation of a new duty through the FTCA"); *Pica v. Delta Air Lines*, Inc., No. CV 18-2876-MWF (EX), 2018 WL 5861362, at *9 (C.D. Cal. Sept. 18, 2018) (dismissing negligence and negligence per se claims in part because "the FTC Act creates no private right of action" (collecting cases)); *In re Brinker Data Incident Litig.*, No. 3:18-cv-686, 2020 WL 691848, at *9 (M.D. Fla. Jan. 27, 2020) (same); *cf. O'Donnell v. Bank of Am., Nat.* Ass'n, 504 F. App'x 566, 568 (9th Cir. 2013) (finding no private right of action under the FTC Act and "plaintiffs can't use California law to engineer one"); *In re SuperValu, Inc.*, 925 F.3d 955, 963–64 (8th Cir. 2019) ("Congress empowered the [FTC]—and the [FTC] alone—to enforce the FTCA. Implying a cause of action would be inconsistent with Congress's anticipated enforcement scheme.").

### iii.    Negligence *Per Se*

As with negligence, Plaintiffs cannot rely on the FTCA and HIPAA to support their negligence *per se* claim, as no private right of action exists under either statute. *Int'l Tax Advisors, Inc. v. Tax L. Assocs., LLC*, No. 08 C 2222, 2011 WL 612093, at *5 (N.D. Ill. Feb. 15, 2011) (stating there is no private right of action under the FTC Act); *Butler v. Illinois Dep't of Transp.*, 533 F. Supp. 2d 821, 827 (N.D. Ill. 2008) ("HIPAA does not imply a private right of action"). Numerous courts have held that FTC Act does not provide for a private right of action and cannot serve as the basis of a negligence per se claim. *Pica,* 2018 WL 5861362, at *9; *In re Brinker* 2020 WL 691848, at *9. Several courts have also held the same for HIPAA. *See*, *e.g. Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021); *Faber v. Ciox Health*, LLC, 331 F. Supp. 3d 767, 779 (W.D. Tenn. 2018), aff'd, 944 F.3d 593 (6th Cir. 2019); *Smahaj v. Retrieval-Masters Creditors Bureau, Inc*., 69 Misc. 3d 597, 131 N.Y.S.3d 817, 826 (N.Y. Sup. Ct. 2020) (finding that neither HIPAA nor the FTC Act

can sustain a negligence per se claim); *Abdale v. N. Shore Long Island Jewish Health Sys., Inc.,* 19 N.Y.S.3d 850, 859 (N.Y. Sup. Ct. 2015). Moreover, "under Pennsylvania law, 'negligence per se is not a separate cause of action." *Russell v. Chesapeake Appalachia, L.L.C.*, No. 4:14-CV-00148, 2014 WL 6634892, at *3 (M.D. Pa. Nov. 21, 2014) (collecting cases). Thus, Plaintiff Tavares' claim is defective for this reason as well.

### D. Counts III and IV: Breach of Contract and Implied Contract

"[T]he elements of a breach of implied contract claim track those of a breach of express contract claim; a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 590 (N.D. Ill. 2022); *Wakley v. Sustainable Loc. Foods LLC*, No. 1:16-CV-0884-WTL-DKL, 2017 WL 1880814 (S.D. Ind. May 9, 2017) (accord); *Smahaj*, 131 N.Y.S.3d 817, 826 (accord); *ATG Tr. Co. v. Schlichtmann*, 314 F. Supp. 3d 718 (E.D. Pa. 2018) (accord). An implied contract still requires a "meeting of the minds or mutual assent as to the terms of the contract." *In re Arthur Gallagher*, 631 F. Supp. 3d at 591; *see Waxley*, 2017 WL 1880814 at *3 (accord) *Smahaj*, 131 N.Y.S at 826 (accord); *see also Tyco Elecs. Corp. v. Davis,* 895 A.2d 638, 640 (2006) (requiring "mutual intention to contract"). The Complaint lacks critical facts regarding the formation or terms of such an express or implied contract.

Plaintiffs' allegations in Counts II and III fail because the Plaintiffs do not plead the definite and certain terms of the contract that are required to bring this cause of action. *See In re Marriage of Murphy*, 834 N.E.2d 56, 66 (Ill. App. 2005); *Lombardo v. Gasparini Excavating Co*., 123 A.2d 663, 666 (Pa. 1956) ("[I]n order for there to be an enforceable contract, the nature and extent of its obligation must be certain; the parties themselves must agree upon the material and necessary details of the bargain."); *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 417 N.E.2d 541,

543 (1981) (accord); *Wenning v. Calhoun*, 827 N.E.2d 627, 629 (Ind. Ct. App. 2005) (accord). A Northern District of Illinois court recently dismissed nearly the exact same contract claim where a plaintiff failed to "lay out—with any sort of specificity—the terms by which [defendant] agreed to be bound with respect to the security measures that it would employ to maintain and safeguard PII and PHI." *Wittmeyer v. Heartland All. for Human Needs & Rights,* No. 23 CV 1108, 2024 WL 182211, at *5 (N.D. Ill. Jan. 17, 2024).

Plaintiffs do not articulate any particular level of data security that HAH agreed to provide and, instead, makes equivocal suggestions about what HAH may promised. (*See e.g.* Doc. 32 ¶¶ 227 (claiming a unclear promise to "never share" information), 242 (vaguely listing "proper" measures without any reasonable level of detail)). Plaintiffs fail to allege any plausible conduct by HAH that constituted an offer for a particular level of security or acceptance of an offer by Plaintiff. Instead, Plaintiffs allege that HAH, merely by incidentally collecting information necessary to provide Plaintiffs home care services, somehow obligated itself to provide some vague amount of additional data security. (*See, e.g.*, *id.* ¶¶ 225, 238). This is insufficient. To the extent Plaintiffs depend entirely upon the existence of a memorialized "privacy policy," (*id.* ¶ 226-27), courts have found this exact type of allegation insufficient as well. *Wittmeyer*, 2024 WL 182211 at *5.

### E.     Count V: Unjust Enrichment

Plaintiffs' unjust enrichment claim relies on the assertion that they "conferred a benefit" to HAH when they provided their personal information to obtain care services and allegedly overpaid for an unspecified amount of cybersecurity. (Doc. 32, ¶¶ 26, 261). These allegations are insufficient in a data breach context and should be dismissed.[5] *Johnson v. Nice Pak Prods., Inc.*, 736 F. Supp. 3d 639, 652 (S.D. Ind. 2024) (finding collection of data insufficient to confer a

---

[5] Notably, "[u]njust enrichment is not a separate cause of action under Illinois law." *G.O.A.T. Climb & Cryo, LLC v. Twin City Fire Ins. Co.*, 548 F. Supp. 3d 688, 701 (N.D. Ill. 2021).

benefit); *McLaughlin v. Taylor Univ.*, No. 1:23-CV-00527-HAB-SLC, 2024 WL 4274848, at *10 (N.D. Ind. Sept. 23, 2024) (finding claim of overpayment for data security "too speculative to survive dismissal"); *In re Waste Mgmt. Data Breach Litig.*, No. 21CV6147 (DLC), 2022 WL 561734, at *6 (S.D.N.Y. Feb. 24, 2022) ("[S]ignificantly, the plaintiffs do not allege that Waste Management benefitted at the plaintiffs' expense. The third-party hackers benefitted[.]")[6]; *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, 748 F. Supp. 3d 262, 279 (E.D. Pa. 2024) (finding vague allegations of "commercial gain" from data collection insufficient).

### F.  Count VI: Breach of Fiduciary Duty

Plaintiffs claim that HAH breached a fiduciary duty "created by its undertaking and guardianship of [Plaintiffs'] Private Information" and HAH's obligation "to act primarily for the benefit of its patients." (Doc. 32, ¶ 272). A claim for breach of fiduciary duty requires (1) the existence of a fiduciary duty (2) the breach of that duty and (3) damages proximately caused therefrom." *Neade v. Portes*, 193 Ill. 2d 433, 444, 739 N.E.2d 496, 502 (2000); *Shorewood Forest Utilities, Inc. v. Welsh*, 237 N.E.3d 1142, 1149 (Ind. App. 2024) (accord) *Golobe v. Mielnicki*, No. 17, 2025 WL 864512, at *3 (N.Y. Mar. 20, 2025) (accord); *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76 (Pa. 2023) *Spinelli by Morris v. Fallon*, 322 A.3d 956, 965 (2024) (accord).

Plaintiffs fail to properly allege the existence of a fiduciary duty. A fiduciary duty may either "arise as a matter of law from the existence of a particular relationship, such as an attorney-client or principal-agent relationship" or "arise as the result of special circumstances of the parties' relationship, where one party places trust in another so that the latter gains superiority and influence over the former." *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 96 (Ill. App. 2002). Plaintiffs do not identify a fiduciary duty that arises by law and fail to allege a "special

---

[6] Under New York law, Plaintiffs' unjust enrichment claim may also be dismissed as duplicative of their other claims. *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (2012).

circumstance" that would create such a duty. Mere collection of information does not create a fiduciary duty. *See Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 29 (Ill. App. 2010)[7]; *Dinerstein*, 73 F.4th at 512; *Doe v. Genesis Health Sys.*, No. 23-CV-4209-JES-JEH, 2024 WL 3890164, at *13 (C.D. Ill. Aug. 21, 2024); *Aspen*, 624 F.Supp. at 1003; *Lazar v. Intl. Shoppes, LLC*, No. CV 24-4170 (GRB) (SIL), 2025 WL 1475627, at *4-*5 (E.D.N.Y. May 22, 2025); *Clemens v. ExecuPharm*, Inc., No. CV 20-3383, 2024 WL 199554, at *3 (E.D. Pa. Jan. 18, 2024).

### G.    Count VII: Breach of Confidence

Plaintiffs attempt to assert a claim for "breach of confidence." But this claim fails. Count VII relies on the allegation that HAH "had a duty not to disclose such matters concerning its patients." (Doc. 32 ¶ 288). But Plaintiffs have not pled that HAH made any "disclosure." Instead, Plaintiffs allege, in sum, that HAH "fail[ed] to identify reasonably foreseeable internal and external risks to the security, confidentiality, and integrity of patient information." (Doc. 32 ¶ 291). Plaintiffs acknowledge unauthorized cybercriminals were the ones who allegedly accessed Plaintiffs' data. (Doc. 32 ¶ 11, 32-33). Thus, the claim is defective. *See Zimmerman v. Highmark, Inc.,* No. 2:23-CV-250-NR, 2025 WL 1220364 (W.D. Pa. Apr. 28, 2025) ("A breach-of-confidence claim cannot succeed if the information was stolen and not affirmatively disclosed.").

Further, mere collection of information is not a basis for a confidential relationship in Illinois, Indiana, or Pennsylvania. *See Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 845 (N.D. Ill. 2023);[8] *Clemens*, 2024 WL 199554, at *2, *5; *Duffy v. Lewis Brothers Bakeries, Inc*., 760 F. Supp. 3d 704, 727 (S.D. Ind. 2024). In New York, this claim further fails for Plaintiffs' lack

---

[7] Illinois courts also reject breach of fiduciary duty claims if they are merely "duplicative of negligence" claims. *Neade*, 193 Ill. 2d at 430, 739 N.E.2d at 500. Here, Count I and Count VII are not meaningfully different.

[8] In Illinois, a "breach of confidence" claim is properly asserted in a trade secrets context, not a data breach context. *See Mucklow v. John Marshall Law Sch*., 531 N.E.2d 941, 945-46 (Ill. App. 1988) ("All other cases cited by plaintiff to urge a common law tort of breach of confidence arise in the context of trade secrets and violation of a confidential relationship in a business context."). Other courts say the claim requires a defendant to "use[] confidential information to the owner's detriment." *Goldberg v. Medtronic*, 686 F.2d 1219, 1227 (7th Cir. 1982). Here, such use was not alleged.

of damages. *See In re Canon U.S.A. Data Breach Litig.*, No. 20-CV-6239 (AMD) (SJB), 2022 WL 22248656, at *1 (E.D.N.Y. Mar. 15, 2022).

### H. Count VIII Declaratory Judgment

"[T]he Declaratory Judgment Act does not create an independent cause of action. It provides only an additional form of relief." *Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 774 (N.D. Ill. 2021); *McCorker v. Midland Credit Mgt., Inc.*, No. 2:22-CV-111-TLS-JPK, 2023 WL 3737032, at *3 (N.D. Ind. May 30, 2023); *Carr v. DeVos*, 369 F. Supp. 3d 554, 563 (S.D.N.Y. 2019) (accord); *Nickolich v. Cnty. of Luzerne*, No. 3:24-CV-00580, 2024 WL 4437647, at *3 (M.D. Pa. Oct. 7, 2024) (accord). "[T]he availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 667 (1960). Here, Plaintiffs are not entitled to declaratory relief when all their other causes of action are without merit, as stated above.

<u>**CONCLUSION**</u>

For the foregoing reasons, HAH respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

**POLSINELLI PC**

By: */s/ Dmitry Shifrin*
Dmitry Shifrin (IL Bar # 6279415)
150 N Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
DShifrin@Polsinelli.com

*Attorneys for Defendant HAH Group Holding, Llc D/B/A Help At Home*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2025, a copy of the foregoing was served to all counsel of record through the Court's CM/ECF system.

*/s/ Dmitry Shifrin*_____

Dmitry Shifrin
